[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2001
THOMAS K. KAHN
CLERK

————————————————

No. 98-6069

————————————————
D.C. Docket No. 97-00092-CV-AR-S


PATRICIA GARRETT,

Plaintiff-Appellant,

versus

THE UNIVERSITY OF ALABAMA
AT BIRMINGHAM BOARD OF TRUSTEES,

Defendant-Appellee,

THE UNITED STATES OF AMERICA,

Intervenor.

*    *    *    *    *    *    *

————————————————

No. 98-6070

————————————————
D.C. Docket No. 97-00092-CV-AR-S


MILTON ASH,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF YOUTH SERVICES,

Defendant-Appellee,

THE UNITED STATES OF AMERICA,

Intervenor.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

**(December 20, 2001)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before ANDERSON, Chief Judge, RONEY, Circuit Judge, and COOK[*], District Judge.

PER CURIAM:

The Petition for Rehearing in this case is granted. In *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 193 F.3d 1214 (11th Cir. 1999), this Court reversed the decision of the district court in *Garrett v. Bd. of Trs. of the Univ. of Ala. at Birmingham*, 989 F. Supp. 1409 (N.D. Ala. 1998), relying on this Circuit's prior decision in *Kimel v. Fla. Bd. of Regents*, 139 F.3d 1426 (11th Cir. 1998), *rev'd*, 528 U.S. 62 (2000), which had held that the American with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (ADA) was a valid exercise of Congress' power under the 5th and 14th Amendments to abrogate state immunity from lawsuits thereunder. The United States Supreme Court then reversed, however, holding that as in its holding in *Kimel*,

_____
[*] Honorable Julian Abele Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation.

Congress had not acted pursuant to a valid grant of power when it attempted to so abrogate the state's immunity, and remanded the case to this Court. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Following the mandate of the Supreme Court, we affirmed the decision of the district court both as to the ADA claim and the claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 261 F.3d 1242 (11th Cir. 2001).

In their Petition for Rehearing, the plaintiffs, noting that neither the district court, this Court, nor the Supreme Court had addressed the issue, argue that

> DEFENDANTS HAVE VOLUNTARILY WAIVED THEIR ELEVENTH AMENDMENT IMMUNITY UNDER § 504 OF THE REHABILITATION ACT BY THEIR RECEIPT OF FEDERAL FINANCIAL ASSISTANCE CONDITIONED UPON SUCH A WAIVER.

In the response requested by this Court, the defendants state that: "the panel should grant a rehearing, vacate the Rehabilitation aspect of its previous decision, and remand the plaintiff's Rehabilitation Act claims to the district court."

The defendants went on to explain that:

> The district court's order and opinion which opened the way for the original appeal of this case did not address the possibility that the plaintiffs' Rehabilitation Act claims might, or might not, be the source of jurisdiction via a waiver of state immunity. It simply was not analyzed or discussed; frankly, none of the parties presented much in the

3

way of argument on the issue of waiver. In view of these circumstances, the best course would be for this Court to remand in order to allow the district court to analyze the issue and, if it deems appropriate, to develop an evidentiary record.

Therefore, we grant the Petition for Rehearing filed by the plaintiffs, vacate our prior opinion reported at *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 261 F.3d 1242 (11th Cir. 2001) except to the extent that it affirms the district court decision that Congress had not acted pursuant to a valid grant of power when it attempted to abrogate the state's immunity under the ADA and the Rehabilitation Act, and remand the case to the district court to consider the argument that defendants have voluntarily waived their Eleventh Amendment immunity under § 504 of the Rehabilitation Act by their receipt of federal financial assistance conditioned upon such a waiver, and to conduct such further proceedings as may be consistent with this decision.

The Suggestion for Rehearing *En Banc* is denied as moot.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.